FILED

1   STANLEY LAW GROUP
2   MATTHEW J. ZEVIN, SBN: 170736
    225 Broadway, Suite 1350                    2014 FEB 18  PM 3: 20
3   San Diego, CA 92101
4   Telephone:   (619) 235-5306                 CLERK U.      T COURT
    Facsimile:   (815) 377-8419                 CENTRAL D.ST. OF CALIF.
                                                       RIVERSIDE
5   e-mail:        mzevin@aol.com               BY:_____

6
    Attorneys for Plaintiffs Hugh DeJohnette
7   and Nancy DeJohnette
8   [Additional Counsel on Signature Page]

9            IN THE UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

11   HUGH DeJOHNETTE and NANCY    EDCV14 - 00302 RGK (DTBX)
                                  CASE NO.
12   DeJOHNETTE, individually and on
     behalf of all others similarly situated,
13
                                          CLASS ACTION
14              Plaintiffs,
                                          ORIGINAL CLASS ACTION
15   v.                                   COMPLAINT

16
     J.P. MORGAN CHASE BANK, N.A.;
17   FEDERAL NATIONAL MORTGAGE
18   ASSOCIATION; and DOES 1 through
     50 inclusive,
19
20              Defendants.               JURY TRIAL DEMANDED

21
22
23
24
25
26
27
28

1    Plaintiffs, Hugh DeJohnette and Nancy DeJohnette, individually and on

2  behalf of all others similarly situated, allege as follows:

3                              **NATURE OF THE CASE**

4        1.     Plaintiffs Hugh DeJohnette and Nancy DeJohnette sold their house in

5  a "short sale," and were required to make an out-of-pocket payment as a condition

6  of the sale. California law expressly prohibits conditioning short sales on such out-

7  of-pocket payments.   On behalf of themselves and a proposed class of similarly

8  situated sellers, Plaintiffs seek to recover the money they should never have paid,

9  and to stop Defendants from continuing to wrongfully collect such monies.

10                            **JURISDICTION AND VENUE**

11       2.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1332.

12       3.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2).

13                                  **PARTIES**

14       4.     Plaintiffs   Hugh   DeJohnette   and   Nancy   DeJohnette   ("Mr.   and

15  Mrs. DeJohnette"  or  "Plaintiffs")  are  individuals  who  reside  in  Pasadena,

16  California.

17       5.     Defendant J.P. Morgan Chase Bank, N.A. ("Chase") is incorporated in

18  Delaware. Chase does business in California and throughout the United States.

19       6.     Defendant Federal National Mortgage Association ("Fannie Mae") is a

20  federally chartered corporation with its principal place of business in Washington,

21  D.C. Fannie Mae does business in California and throughout the United States.

22       7.     Defendants  Chase  and  Fannie  Mae  are  sometimes  referred  to

23  hereinafter collectively as "Defendants."

24       8.     Plaintiffs do not presently know the true names and capacities of

25  defendants sued herein as DOES 1 through 50, inclusive, and will amend this

26  Complaint to set forth the true names and capacities of said defendants, along with

27  the appropriate charging allegations when the same have been ascertained.

28

9.    Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein.  Plaintiffs will amend this Complaint to set forth the true names and capacities of said defendants, along with the appropriate charging allegations when the same have been ascertained.

## BACKGROUND

10.    A "short sale" is a residential real estate transaction where a borrower voluntarily sells mortgaged property to a third party for an amount less than the outstanding balance of the mortgage loan on the property, and gets the lender's agreement to accept the proceeds of the sale in exchange for releasing the mortgage.

11.    A short sale can have advantages for both borrowers and lenders.  One benefit to the borrower is avoiding a foreclosure action and the related negative consequences on a credit record.  For the lender, an advantage is avoiding the time and expense of foreclosure proceedings and of carrying and marketing the property if it is not sold at a foreclosure sale.

12.    Short sales often occur when the market value of a residence has decreased since the time the borrower purchased it, and the borrower faces economic circumstances that make it difficult or impossible to afford the mortgage payments.

13.    In 2011, California revised its rules governing short sales.  The law now mandates that a lender cannot obtain a judgment against a borrower for the unpaid loan balance in a qualifying short sale.  California Code of Civil Procedure § 580e.

14.    California also expressly prohibits the conditioning of short sales on receipt of payment from the borrowers that is not part of the proceeds of the sale of the property.  California Code of Civil Procedure § 580e(b).

1      15.   On information and belief, Chase and Fannie Mae conditioned their

2 consent to short sales upon receiving payments and/or notes from California

3 borrowers separate and apart from the proceeds of these sales – despite the

4 provisions of California law prohibiting this activity. On behalf of themselves and

5 all others in California, Mr. and Mrs. DeJohnette bring this action to recover the

6 out-of-pocket payments and/or cancel notes they (and others) were forced to make

7 as a condition of the short sale of their property, and to stop Chase and Fannie Mae

8 from continuing to collect such payments and/or notes.

9                                   **FACTUAL ALLEGATIONS**

10      16.   In December of 2006, Mr. and Mrs. DeJohnette bought a single-unit

11 dwelling located at 22009 Biloxi Road, Apple Valley, California. The purchase

12 price was approximately $240,000.

13      17.   Mr. and Mrs. DeJohnette obtained financing in the form of a note

14 secured by a mortgage for this transaction. Mr. and Mrs. DeJohnette are informed

15 and believe, and on that basis allege, that the lender for their original transaction

16 and the holder of their note was Washington Mutual Bank. Upon information and

17 belief, the loan was transferred to Fannie Mae, but title to the loan remained in the

18 name of Washington Mutual Bank and Washington Mutual Bank remained the

19 servicer of the mortgage loan.

20      18.   Mr. and Mrs. DeJohnette are informed and believe, and on that basis

21 allege, that within a few years of the original transaction, Chase acquired the assets

22 of Washington Mutual Bank, including the DeJohnettes' mortgage, and became the

23 holder and servicer of the loan. Fannie Mae remained the beneficial holder of the

24 note.

25      19.   Within three years of the original transaction, the market value of the

26 property declined significantly. Mr. and Mrs. DeJohnette are informed and believe,

27 and on that basis allege, that in 2009, the County of San Bernardino appraised the

28 value of the property at $83,000.

20.     By 2012, Mr. and Mrs. DeJohnette determined they could no longer afford the mortgage payments on the property. They therefore negotiated a short sale of the property with a third party buyer and had the property appraised by an independent appraiser. That appraisal came in at $58,250.

21.     The third party purchaser agreed to pay the appraised value for the property – $58,250. At closing, however, Defendants indicated they would only consent to the short sale if Mr. and Mrs. DeJohnette would come up with an additional cash payment of $1,750 (in addition to the buyer's payment of $58,250).

22.     Mr. and Mrs. DeJohnette paid the $1,750 demanded by Defendants and the short sale took place on or about May 29, 2012.

23.     Under the terms of the short sale, Mr. and Mrs. DeJohnette transferred title to the property to a third-party buyer by deed that has been recorded in San Bernardino County, California, and the proceeds of the short sale, plus Mr. and Mrs. DeJohnette's $1,750, were tendered to Defendants.

24.     Mr. and Mrs. DeJohnette are informed and believe, and on that basis allege, that Chase and Fannie Mae have violated California law by conditioning hundreds if not thousands of short sales in California on the receipt of out-of-pocket payments and/or notes from borrowers in addition to the proceeds of the short sales.

## CLASS ACTION ALLEGATIONS

25.     Mr. and Mrs. DeJohnette bring this action on behalf of themselves and two Classes – the "Chase Class" and the "Fannie Mae Class" – of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

26.     The Chase Class consists of:

All persons who, on or after July 15, 2011, (1) sold a dwelling of not more than four units; (2) in California; (3) for a sale price less than the remaining amount of the indebtedness outstanding at the time of sale; (4) in accordance with the written consent of Chase; in addition, (5) title to the dwelling was voluntarily transferred to a buyer by grant

4

deed or other document of conveyance that has been recorded in the county where all or part of the real property is located; (6) the proceeds of the sale were tendered to Chase in accordance with the parties' agreement; and (7) who were required by Chase to pay additional compensation (in cash or by note), aside from the proceeds of the sale, in exchange for written consent to the sale. Excluded from the Chase Class are Chase; any parent, subsidiary, or affiliate of Chase or any employees, officers, or directors of Chase; legal representatives, successors, or assigns of Chase; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

27.    The Fannie Mae Class consists of:

All persons who, on or after July 15, 2011, (1) sold a dwelling of not more than four units; (2) in California; (3) for a sale price less than the remaining amount of the indebtedness outstanding at the time of sale; (4) in accordance with the written consent of Fannie Mae; in addition, (5) title to the dwelling was voluntarily transferred to a buyer by grant deed or other document of conveyance that has been recorded in the county where all or part of the real property is located; (6) the proceeds of the sale were tendered to Fannie Mae in accordance with the parties' agreement; and (7) who were required by Fannie Mae to pay additional compensation (in cash or by note), aside from the proceeds of the sale, in exchange for written consent to the sale. Excluded from the Fannie Mae Class are Fannie Mae; any parent, subsidiary, or affiliate of Fannie Mae or any employees, officers, or directors of Fannie Mae; legal representatives, successors, or assigns of Fannie Mae; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial

1    officer, as defined in 28 U.S.C. § 455(b).

2    28.    There are questions of law and fact that are common to all members of
3    the Classes, which questions predominate over any question affecting only
4    individual members.  The principal common issues are:

5    a.    whether Defendants violated California law through their
6    actions as described herein;

7    b.    whether Plaintiffs and the Class members have a right to obtain
8    damages, injunctive relief and/or restitution by virtue of Defendants' violations of
9    California law;

10    c.    the nature and extent of any other remedies, including
11    restitution and/or injunctive relief, to which proposed members of the Classes are
12    entitled as a result of Defendants' wrongful conduct.

13    29.    The only individual questions concern the computation of damages
14    and/or restitution amounts to be awarded each Class member, which questions can
15    be determined by a ministerial examination of the relevant files.  For notice
16    purposes, members of the Classes can be identified using Defendants' computerized
17    databases of borrower records.

18    30.    Plaintiffs' claims are typical of the claims of all of the other members
19    of the Classes, because their claims are based on the same legal and remedial
20    theories as the claims of the Classes and arise from the same course of conduct by
21    Defendants.

22    31.    Plaintiffs will fairly and adequately protect the interest of all Class
23    members in the prosecution of this Action and in the administration of all matters
24    relating to the claims stated herein.  Plaintiffs are similarly situated with, and have
25    suffered similar injuries as, the members of the Classes they seek to represent.
26    Plaintiffs have retained counsel experienced in handling class action lawsuits
27    involving state consumer law claims.  Neither Plaintiffs nor their counsel have any
28    interest that might cause them not to vigorously pursue this action.

6

1    32.    A class action is superior to other available methods for the fair and

2    efficient adjudication of the controversy, in that:

3            a.    the losses suffered by the Classes' members are such that

4    prosecution of individual actions is impractical or economically unfeasible;

5            b.    by contrast, the profits obtained by Defendants as a result of

6    their unlawful practices are substantial;

7            c.    in the absence of the class action device, Plaintiffs and the

8    Classes would be left without a remedy for the wrongful acts alleged, and

9    Defendants will be unjustly enriched;

10           d.    the prosecution of separate lawsuits by individual members of

11   the Classes would create the risk of inconsistent adjudications, which would

12   establish incompatible standards of conduct for Defendants, making concentration

13   of the litigation concerning this matter in this Court desirable;

14           e.    the claims of the representative Plaintiffs are typical of the

15   claims of the Classes; and

16           f.    no unusual difficulties are likely to be encountered in the

17   management of this action as a class action.

18   33.    The Classes are so numerous as to make it impracticable to join all

19   members as Plaintiffs.  Based upon the investigation of counsel, the number of

20   members of each the Classes is estimated to be at least, and likely far in excess of,

21   1,000 persons.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Violation of California Civil Code Section 580e)

25   34.    Mr. and Mrs. DeJohnette repeat and reallege all paragraphs above as if

26   set forth fully herein.

27   35.    California's Code of Civil Procedure § 580e(b) prohibits Defendants

28   from requiring borrowers such as Plaintiffs and the members of the Classes to pay

1 any additional compensation, aside from the proceeds of the short sale, in exchange
2 for the written consent to the sale.

3   36. Defendants required Plaintiffs and the members of the Classes to pay
4 additional compensation, aside from the proceeds of the short sale, in exchange for
5 the written consent to the sale, in violation of California's Code of Civil Procedure
6 § 580e(b).

7   37. As a result of the conduct described above, Defendants have been, and
8 will continue to be, unjustly enriched at the expense of Plaintiffs and members of
9 the proposed Classes.  Specifically, Defendants have been unjustly enriched by
10 obtaining revenues and profits that they would not otherwise have obtained absent
11 their unlawful conduct.

12        **SECOND CAUSE OF ACTION**
13     **(Violation of the "Unlawful" Prong of the UCL)**

14   38. Mr. and Mrs. DeJohnette repeat and reallege all paragraphs above as if
15 set forth fully herein.

16   39. California's Unfair Competition Law ("UCL") defines unfair business
17 competition to include any "unlawful, unfair or fraudulent" act or practice.  Cal.
18 Bus. & Prof. Code § 17200.

19   40. A business act or practice is "unlawful" under the UCL if it violates
20 any other law or regulation.

21   41. As detailed above, Plaintiffs and the members of the Classes sold their
22 dwellings in transactions that qualify as short sales under California's Code of Civil
23 Procedure § 580e.

24   42. As described above, California's Code of Civil Procedure § 580e(b)
25 prohibits Defendants from requiring borrowers such as Plaintiffs and the members
26 of the Classes to pay any additional compensation, aside from the proceeds of the
27 short sale, in exchange for the written consent to the sale.

28

43.     Defendants required Plaintiffs and the members of the Classes to pay additional compensation, aside from the proceeds of the short sale, in exchange for the written consent to the sale, in violation of California's Code of Civil Procedure § 580e(b).

44.     As a result of the conduct described above, Defendants have been, and will continue to be, unjustly enriched at the expense of Plaintiffs and members of the proposed Classes.  Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that they would not otherwise have obtained absent their unlawful and deceptive conduct.

45.     Through their unlawful and unfair acts and practices, Defendants have improperly obtained money from Plaintiffs and the members of the Classes, and continue to improperly obtain money from the general public.  As such, Plaintiffs request that this Court cause Defendants to restore this money to Plaintiffs and all members of the Classes, and to enjoin Defendants from continuing to violate the UCL as discussed herein.  Otherwise, Plaintiffs, the Classes, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.  Plaintiffs also request that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs, Hugh DeJohnette and Nancy DeJohnette, on behalf of themselves and the Classes, request the following relief:

A.     An order certifying that this action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiffs be appointed as Class Representatives, and that Plaintiffs' counsel be appointed Class Counsel;

B.     Damages and/or restitution, plus interest and costs of suit for Defendants' violations of California Civil Code § 580e;

1       C.     Restitution and injunctive relief for Defendants' violations of the

2  UCL;

3       D.     Pre and post-judgment interest, attorneys' fees and costs of suit;

4       E.     Such other relief at law or equity as this court may deem just and

5  proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all claims so triable.

DATED: February 18, 2014       STANLEY LAW GROUP
                              MATTHEW J. ZEVIN

MATTHEW J. ZEVIN

225 Broadway, Suite 1350
San Diego, CA 92101
Telephone: (619) 235-5306
Facsimile: (815) 377-8419

STANLEY LAW GROUP
MARC R. STANLEY, Texas SBN: 19046500
MARTIN WOODWARD,
   Texas SBN: 00797693
SCOTT A. KITNER, Texas SBN: 24065563
3100 Monticello Avenue, Suite 770
Dallas, TX 75205
Telephone: (214) 443-4300
Facsimile: (214) 443-0358
e-mail: marcstanley@mac.com
        mwoodward@stanleylawgroup.com
        skitner@stanleylawgroup.com

Attorneys for Plaintiffs Hugh DeJohnette and
Nancy DeJohnette

10

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| HUGH DeJOHNETTE and NANCY DeJOHNETTE, individually and on behalf of all others similarly situated, | J.P. MORGAN CHASE BANK, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and DOES 1 through 50 inclusive, |

| (b) County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   Delaware |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>STANLEY LAW GROUP<br>MATTHEW J. ZEVIN, SBN: 170736<br>225 Broadway, Suite 1350<br>San Diego, CA  92101 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

California Civil Code Section 580e

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

EDCV14 - 00302   RGK (DTBx)

| FOR OFFICE USE ONLY:   Case Number: | |
|---|---|
| CV-71 (11/13) | CIVIL COVER SHEET    Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes [X] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [X] | [ ] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**
[ ] 2 or more answers in Column C
[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**
[ ] 2 or more answers in Column D
[X] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Eastern Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _Mitchell J. Jew_     DATE: February 18, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ R. Gary Klausner _____ and the assigned Magistrate Judge is _____ David T. Bristow _____ .

The case number on all documents filed with the Court should read as follows:

### 5:14-cv-00302-RGK-DTBx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 18, 2014
Date

By A. COBIAN
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)          NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES